Dekaj v. Barr

BIA
Christensen, IJ
A206 429 345

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand nineteen.

PRESENT:
    ROBERT A. KATZMANN,
        *Chief Judge,*
    RICHARD C. WESLEY,
    DEBRA ANN LIVINGSTON,
        *Circuit Judges.*

_____

FATMIR DEKAJ,
        *Petitioner,*

    v.                                      17-3920
                                            NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Charles Christophe, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Jeffery R.
                         Leist, Senior Litigation Counsel;
                         Lance L. Jolley, Trial Attorney,
                         Office of Immigration Litigation,
                         United States Department of
                         Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Fatmir Dekaj, a native and citizen of Albania, seeks review of a November 9, 2017, decision of the BIA affirming a February 15, 2017, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fatmir Dekaj,* No. A206 429 345 (B.I.A. Nov. 9, 2017), *aff'g* No. A206 429 345 (Immig. Ct. N.Y. City Feb. 15, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, i.e., minus the IJ's inconsistency findings that the BIA did not affirm. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility

determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008). Substantial evidence supports the agency's determination that Dekaj was not credible as to his claims that Socialist Party members attacked him in 2012 and police detained and beat him in 2013 on account of his membership in the Democratic Party.

The agency reasonably relied on Dekaj's inconsistent and changing testimony regarding whether his alleged 2012 attack was reported to police and by whom. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Dekaj testified inconsistently that he reported the attack to police, his cousin Mark reported it, that Mark's son found a "guy" to report it, and that either Mark or another cousin Augustine reported it.

The agency further reasonably relied on inconsistencies between Dekaj's testimony that he was attacked in April 2012

3

right before the local elections, in which he was "actively involved," and his father's and fellow victim's written statements that the incident occurred shortly before the local elections in May of 2011. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Dekaj insisted that his father and fellow victim had provided the wrong year. The IJ was not compelled to credit Dekaj's explanation that both his friend and father made identical errors in their written statements. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)); *see also Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 524 (2d Cir. 2007) ("[T]his court has . . . firmly embraced the commonsensical notion that striking similarities between affidavits are an indication that the statements are canned." (internal quotation marks omitted)).

The agency also reasonably relied on Dekaj's inconsistent evidence regarding the statements his alleged attackers made during the incident. See 8 U.S.C. § 1158(b)(1)(B)(iii). Although "trivial differences in the wording of statements

4

describing the same event are not sufficient to create inconsistencies," *Gurung v. Barr*, 929 F.3d 56, 61 (2d Cir. 2019), the only similarity between Dekaj's and his fellow victim's descriptions is that their attackers mentioned the name of a local parliamentary member. Otherwise, Dekaj and the other victim stated that the attackers mentioned the parliamentary member in different contexts and called them different insulting names. The other victim also claimed that the attackers threatened to kill them during the attack and mentioned other Democratic Party members by name, while Dekaj did not make such assertions.

Having questioned Dekaj's credibility, the agency reasonably relied further on his failure to rehabilitate his testimony with reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). As the agency found, several letters Dekaj submitted were inconsistent with his testimony. Alternatively, the IJ did not err in declining to credit the unsworn letters from Dekaj's father,

5

friend, and cousin because the authors were not made available for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency's decision to afford little weight to relative's letter from China because it was unsworn and from an interested witness). As with Dekaj's testimony, a hospital report and letter from the District Deputy of the Democratic Party were inconsistent with Dekaj's father's and fellow victim's letters regarding the year of the attack. And, aside from his father's letter, which the agency reasonably declined to credit, Dekaj did not submit any evidence corroborating his claim that he was arrested and beaten in detention in 2013.

Given Dekaj's inconsistent evidence and insufficient corroboration, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot,

6

and the pending request for oral argument in this petition is

DENIED in accordance with Federal Rule of Appellate Procedure

34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court